## Holman v. Holman

*John B. Graybill* and *James G. Hatz*, for libellant.
*James N. Lightner*, for respondent.

ATLEE, P. J., October 7, 1932.—This is an action in divorce. The libellant, John F. Holman, charges the respondent with having committed cruel and barbarous treatment, etc., and with having on November 19, 1931, at Lancaster, and at sundry other times and places within the said State and elsewhere, particularly at Baltimore in the State of Maryland, before and after this date, committed adultery with a named corespondent and other persons to the libellant unknown.

A rule on the libellant was entered requiring him to file a bill of particulars and a bill of particulars was filed.

The first charge set forth in the libel is cruel and barbarous treatment and indignities to the person. The court will not grant a divorce for a single act of cruelty nor for a single instance of indignity, especially where the libellant is

the husband. The courts uniformly have required that proof of such causes for divorce shall show repeated happenings, resulting in a more or less continued course of treatment, and this the bill of particulars sets out. After carefully considering the bill of particulars filed in this case, the court is of the opinion that the libellant has met the requirements of the rule for a bill of particulars in respect to this charge.

In regard to the charge of adultery, the bill of particulars sets forth the month during which the offense is alleged to have been committed, the exact location of the house where committed, and the name of the person with whom the offense was committed.

In the opinion of the court this gives the respondent ample and sufficient notice of the charge she has to meet so as to enable her to prepare her defense and prevent surprise at trial. This is the primary purpose of a bill of particulars: Ehrhart v. Ehrhart, 18 Dist. R. 924.

Therefore the rule for more specific bill of particulars is discharged.

From George Ross Eshleman, Lancaster, Pa.